FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF L
2009 FEB 17 PM 4:46
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BETTY BOREL | * | CIVIL ACTION 09-2799 |
| VERSUS | * | NUMBER: |
| CHEVRON U.S.A., INC. | * | SECTION: SECT. M MAG. 2 |
| | * | MAGISTRATE: |

* * * * * * * *

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes BETTY BOREL, a person of the full age of majority and resident of the State of Louisiana, and for her Complaint respectfully represents as follows:

I.

**JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. 1331, federal question jurisdiction.

II.

**PARTIES DEFENDANT**

Made defendant herein is CHEVRON U.S.A., INC., on information and belief, is a corporation authorized to do and doing business within the State of Louisiana and

Fee $350.
✓ Process
X Dktd
CtRmDep
Doc. No.

within the jurisdiction of this Honorable Court and at all times pertinent hereto, the owner and/or operator of a rig and platform located at Eugene Island Block 361 in the Gulf of Mexico.

III.

**FIRST CAUSE OF ACTION**

The defendant is liable unto the plaintiff pursuant to the law and statutes of the United States, including but not limited to the Outer Continental Shelf Lands Act, 43 U.S.C. 1331, et seq., and the law and statutes of the State of Louisiana, in damages in a sum which will fairly compensate her and which will be determined at the trial of this matter, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings, for the following reasons, to wit:

IV.

On or about December 7, 2007, plaintiff was employed by a third-party, PMB Safety & Regulatory, Inc.. On that date, plaintiff was performing her assigned duties on the premises owned and/or operated by the defendant, on information and belief located in the Gulf of Mexico, Eugene Island Block 361. In the course of performing those duties, suddenly and without warning and due to the negligence of the defendant and/or defects in the premises and its equipment, plaintiff was caused to sustain severe and disabling injuries as described herein when she slipped and fell off of a ladder in a bunk room.

V.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of her injuries, as described herein, was the negligence

and/or failure of the defendant, and its servants and/or agents, in carrying out their obligations and duties, individually and concurrently, and/or the condition of the premises and equipment, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;

2. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the premises;

3. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish her job in a reasonably safe manner;

4. Failure to warn the plaintiff;

5. Failure to warn plaintiff of the dangerous and unsafe conditions of the premises;

6. Failure to properly inspect, maintain and repair the premises and equipment;

7. Strict and/or premises liability;

8. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

9. Other acts of negligence and conditions to be proven at the trial of this case.

VI.

Solely by reason of the negligence of the defendant, and other acts and inactions described herein, plaintiff sustained plaintiff sustained serious injuries including but not limited to the following: possible ruptured and/or herniated discs and nerve damage, as well as injuries to her bones, muscles and joints, organs and tissues among other component parts of her head, back, ribs, legs, feet, and hands. As a result thereof, plaintiff in the past and in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing

aches, pains, and mental anguish, and be disabled from performing her usual duties, occupations and avocations.

VII.

As a direct and proximate result of the aforesaid negligence, conditions, and breach of duties on the part of the defendant herein, plaintiff has suffered injuries and damages for which defendant is liable unto her, plus legal interest from the date of occurrence, attorney's fees, and all costs of these proceedings.

**WHEREFORE**, plaintiff prays that the defendant(s) be served with a copy of this Complaint, and after due proceedings had and the expiration of all legal delays herein: There be a judgment rendered in favor of the petitioner, BETTY BOREL, and against defendant, CHEVRON U.S.A., INC., in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorneys fees, and all costs; and for any and all other relief which the law and justice may provide.

RESPECTFULLY SUBMITTED:

LAWRENCE BLAKE JONES (7495)
DAVID C. WHITMORE (17864)
SCHEUERMANN AND JONES
909 Poydras Street, Suite 2556
New Orleans, LA 70112
Telephone: (504) 525-4361
Facsimile: (504) 525-4380