MINUTE ENTRY
KNOWLES, M.J.
FEBRUARY 24, 2010

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BETTY BOREL**                                                      **CIVIL ACTION**

**VERSUS**                                                           **NO. 09-2799**

**CHEVRON U.S.A. INC.**                                              **SECTION "F" (3)**

## ORDER SETTING ORAL HEARING

On this date, defendant's Motion to Set Expert Fee [Doc. #77] came on for oral hearing before the undersigned. Present were David Whitmore for plaintiff and James Silverstein for defendant. For the following reasons, the Court GRANTS the motion IN PART.

Plaintiff sued defendant for damages for injuries allegedly sustained when plaintiff slipped and fell while descending a fixed ladder on a bunk bed. To impute liability on defendant, plaintiff retained Robert E. Borison as an expert safety witness. Borison testifies for a living. Before his deposition, Borison notified defendant that he would not testify unless he received $1,500.00. Borison's deposition lasted approximately three hours. Borison allegedly earned almost $500.00/hour for the three-hour deposition when he only charged plaintiff's counsel $210.00/hour. Defendant now asks the Court to reduce Borison's fee to $210.00/hour and award him a total fee of $630.00 for three hours at the deposition.

To determine whether a fee request pursuant to Rule 26(b)(4)(C) is reasonable, courts consider seven criteria: (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest implicated by Rule 26. *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, F.R.D. 329, 333 (D. Del. 2003); *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 546 (D. Ariz. 1999). "Ultimately," however, "it is in the court's discretion to set an amount that it deems reasonable." *Fisher-Price*, 217 F.R.D. at 333 (quoting *Fleming v. United States*, 205 F.R.D. 188, 190 (W.D. Va. 2000)).

Borison has over 40 years experience of experience in the oilfield safety industry, but no college education. Other experts in the field charge between $230.00/hour and $325.00/hour for depositions. The Court also finds that defendant is correct when it notes that courts in this district have severely limited and even excluded Borison's testimony. *See, e.g., Thomas v. Global Explorer, L.L.C.*, No. Civ. A. 02-1060, 2003 WL 943645, at *2 (E.D. La. Mar. 3, 2003) (Vance, C.J.) (granting defendant's motion in limine and excluding Borison's testimony).

In addition, courts do not hesitate to reduce an expert's fee when that expert charges one party more than another. *See, e.g., Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 497 (S.D. Iowa 1992) ("Applying the factors discussed earlier, the court determines that $250.00 an hour is the outer limit of a reasonable fee for Dr. Nalecz. This is the current rate he is charging the Plaintiff for the most difficult work performed for him . . . ."). Plaintiff's counsel has given the Court no good reason why Borison charged plaintiff $210.00/hour and then charged defendant $250.00/hour.

2

Accordingly, and applying the factors above, the Court will reduce Borison's hourly fee to $210.00/hour and award Borison fees in the amount of $630.00 (three hours at $210.00/hour) for time spent at the deposition.

The issue of first impression here is whether Borison is entitled to fees for time spent preparing for the deposition. Federal courts interpreting rule 26(b)(4) are split on whether the rule allows for parties to recoup fees from opposing parties for time spent preparing for the opposition's depositions. However, a slim majority provides for such recovery, on the condition that the recovered fees are reasonable. *Compare Boos v. Prison Health Servs.*, 212 F.R.D. 578, 578 (D. Kan. 2002) (mem.) (allowing recovery of expert's reasonable fees for time spent preparing for depositions); *Collins v. Vill. of Woodridge*, 197 F.R.D. 354, 357 (N.D. Ill. 1999) (mem.) ("The Court believes the better reading of Rule 26(b)(4)(C)(i) is that the expert's reasonable fees for preparation time are recoverable by the party who tendered the expert."); *McNerney v. Archer Daniels Midland*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995) (allowing recovery of expert's reasonable fees for time spent preparing for depositions); *Hose v. Chicago & N.W. Transp. Co.*, 154 F.R.D. 222, 228 (S.D. Iowa 1994) (disagreeing with "other cases denying an expert compensation for time spent preparing for the deposition"); *Hurst v. United States*, 123 F.R.D. 319, 321 (D.S.D.1988) (allowing recovery of expert's reasonable fees for time spent preparing for depositions); *American Steel Prods. Corp. v. Penn Cent. Corp.*, 110 F.R.D. 151, 153 (S.D.N.Y. 1986) (same), *and Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.*, 553 F. Supp. 45, 53 (S.D.N.Y. 1982) (same), *with 3M Co. v. Kanbar*, No. C06-01225, 2007 WL 2972921 (N.D. Cal. Oct. 10, 2007) (denying fees for time spent preparing for deposition unless case is complex or extenuating circumstances exist); *M.T. McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D. Ill. 1997) (allowing recovery for

expert deposition preparation time only if the litigation is complex and there "has been [a] considerable lapse of time between an expert's work on the case and the date of his actual deposition"); *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 154 F.R.D. 212, 214 (E.D. Wis. 1994) (same); *EEOC v. Sears, Roebuck & Co.*, 138 F.R.D. 523, 526 (N.D. Ill. 1991) (agreeing with *Rhee*); *and Benjamin v. Gloz*, 130 F.R.D. 455, 457 (D. Colo.1990) (same); *Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 47 (D. Ill.1989) (allowing recovery under rule 26(b)(4) only in limited circumstances, "such as in a complex case where the expert's deposition has been repeatedly postponed over long periods of time by the seeking party causing the expert to repeatedly review voluminous documents"). Recently, a federal district court in Louisiana has followed the reasoning in *Collins* and held that an expert should be entitled to an award of fees for time spent preparing for a deposition. *Paz v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, Civ. A. No. 01-2693, at *4 (W.D. La. May 19, 2009) (Methvin, M.J.).

Courts granting the sought after recovery provide the following reasoning: (1) "Time spent preparing for a deposition is, literally speaking, time spent in responding to discovery (except where the deposition preparation time actually constitutes trial preparation, which we conclude is not the case here given the lengthy lapse of time between the depositions and the trial)," *Collins*, 197 F.R.D. at 357; (2) "The goal of [r]ule 26(b)(4)(C) is to compensate experts for their time spent in participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert work free from cost," *Hurst*, 123 F.R.D. at 321; (3) "[B]ecause depositions are the only type of discovery under . . .[r]ule 26(b)(4) -- it would have been relatively easy for the [r]ule's drafters to limit recovery to the time actually spent appearing for the deposition if that was what they intended to do," *Collins*, 197 F.R.D. at 357; and (4) compensating an expert for time

4

spent preparing for a deposition may actually reduce costs by decreasing the length of time spent at a deposition. *See Hose*, 154 F.R.D. at 228.

A few courts hold that such fees are generally not recoverable unless there are exceptional circumstances or complex or unusual issues. *See, e.g., S.A. Healy Co.*, 154 F.R.D. at 214; *Sears, Roebuck & Co.*, 138 F.R.D. at 526; *Rhee*, 126 F.R.D. at 47-48. The Northern District of Illinois rejected these cases on grounds that they require something other than a plain language reading of rule 26:

> Either the phrase "time spent responding to discovery" includes deposition preparation time, or it does not. If it does not, then there is no basis under Rule 26(b)(4)(C) or any other provision of the Federal Rules to shift such fees. In short, the Rule on its face does not permit a construction that says that such fees may not be awarded, but still somehow allows for them in unusual or exceptional cases.
>
> The Court believes that the better reading of Rule 26(b)(4)(C)(i) is that the expert's reasonable fees for preparation time are recoverable by the party who tendered the expert.

*Collins*, 197 F.R.D. at 357. This Court finds persuasive the reasoning of the Northern District of Illinois and holds that -- as long as such fees are reasonable -- an expert may be compensated for time spent preparing for a deposition.

It thus remains for the Court to determine whether three hours spent in preparation for a three-hour deposition is reasonable. The Court finds that it is not, especially in this garden-variety personal-injury suit. In addition -- and this is undisputed -- Borison failed to bring his report and any material reviewed to the deposition. Despite Borison's affidavit, the Court finds it difficult to believe that he spent three hours to prepare for a three-hour deposition. Accordingly, the Court will award fees for one-and-a-half hours preparation time for the deposition.

In short, the Court GRANTS IN PART defendant's motion. The Court reduces Borison's

5

expert fee to $210.00/hour and awards Borison a total fee of $945.00 (three hours at the deposition and one-and-a-half hours to prepare for the deposition, all at $210.00/hour).

The Court further denies plaintiff's request for sanctions.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**