UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BETTY BOREL | CIVIL ACTION |
| VERSUS | NO. 09-2799 |
| CHEVRON U.S.A., INC. | SECTION "F" |

**MEMBERS OF THE JURY:**

YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. IT IS YOUR DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU. ON THE OTHER HAND, YOU THE JURY ARE THE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

STATEMENTS AND ARGUMENTS OF THE ATTORNEYS ARE NOT EVIDENCE AND ARE NOT INSTRUCTIONS ON THE LAW. THEY ARE INTENDED ONLY TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS. DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOU DELIBERATIONS.

HAVING DETERMINED THE FACTS FROM THE EVIDENCE BEFORE YOU, IT IS YOUR DUTY TO FOLLOW THE RULES OF LAW STATED IN THESE INSTRUCTIONS IN REACHING A VERDICT.

YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT YOU MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

THE PLAINTIFF NEED PROVE HER CASE ONLY BY A PREPONDERANCE OF THE EVIDENCE. SHE NEED NOT PRODUCE EVERY POSSIBLE WITNESS, AND

NEED NOT PROVE HER CASE BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN CRIMINAL PROSECUTION. BUT SPECULATION OR MERE POSSIBILITY AND EVEN UNSUPPORTED PROBABILITY IS NOT SUFFICIENT TO SUPPORT A JUDGMENT IN PLAINTIFF'S FAVOR.

YOU MUST ANSWER ALL QUESTIONS FROM A PREPONDERANCE OF THE EVIDENCE. BY THIS IS MEANT THE GREATER WEIGHT AND DEGREE OF CREDIBLE EVIDENCE BEFORE YOU. IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE JUST MEANS THE AMOUNT OF EVIDENCE THAT PERSUADES YOU THAT A CLAIM IS MORE LIKELY SO THAN NOT SO. IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY CONCERNING SOME IMPORTANT FACT, OR WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE BEFORE YOU DURING THE TRIAL.

YOU ARE NOT, OF COURSE, BOUND TO BELIEVE SOMETHING MERELY BECAUSE SOMEONE SWORE TO IT BECAUSE WE ALL KNOW THAT A PERSON CAN SWEAR TO AN UNTRUTH IF THAT PERSON HAS THE WILL TO DO SO.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

DURING THE COURSE OF TRIAL YOU WILL HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE ARE ARGUED OUT OF THE PRESENCE OR HEARING OF THE JURY.

IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE ACCORDING TO LAW. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU THE JURORS ARE THE SOLE

JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY ASKED A QUESTION OF A WITNESS IN ORDER TO BRING OUT FACTS NOT THEN FULLY COVERED IN THE TESTIMONY. DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTION OR QUESTIONS MAY HAVE RELATED. REMEMBER AT ALL TIMES YOU, AS JURORS, ARE SOLE JUDGES OF THE FACTS.

THE LAW OF THE UNITED STATES PERMITS THE JUDGE TO COMMENT ON THE EVIDENCE IN THE CASE. I DO NOT BELIEVE THAT I HAVE MADE ANY COMMENT ON THE EVIDENCE IN THIS CASE. HOWEVER, IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS WHICH I HAVE MADE DURING THE COURSE OF THIS TRIAL AS A COMMENT ON THE EVIDENCE THEN I INSTRUCT YOU THAT ANY SUCH COMMENT ON MY PART IS ONLY AN EXPRESSION OF MY OPINION AS TO THE FACTS AND YOU THE JURY MAY DISREGARD SUCH COMMENT OR COMMENTS ENTIRELY SINCE YOU AS JURORS ARE SOLE JUDGES OF THE FACTS IN THIS CASE.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THIS CASE, YOU

ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE, YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY CONSIDER IN PROPERLY FINDING THE TRUTH AS TO THE FACTS IN THE CASE. ONE IS DIRECT EVIDENCE -- SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE -- THE PROOF OF A CHAIN OF CIRCUMSTANCES THAT INDICATES THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

**EXPERT WITNESS TESTIMONY**

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD -- HE IS CALLED AN EXPERT WITNESS -- IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS BEEN OR WILL BE PAID FOR REVIEWING THE CASE AND TESTIFYING, OR FROM EVIDENCE, IF ANY, THAT HE TESTIFIES REGULARLY AS AN EXPERT WITNESS AND HIS INCOME FROM SUCH TESTIMONY REPRESENTS A SIGNIFICANT PORTION OF HIS INCOME.

**HYPOTHETICAL QUESTIONS**

HYPOTHETICAL QUESTIONS, THAT IS, QUESTIONS BASED UPON SUPPOSED FACTS, HAVE BEEN PROPOUNDED TO THE EXPERT WITNESSES. IN ORDER FOR THIS TESTIMONY TO BE OF ANY VALUE, ALL OF THE ASSUMED FACTS FORMING THE BASIS OF THE ANSWER OR OPINION MUST BE FOUND FROM THE EVIDENCE TO EXIST AND BE TRUE. THE TRUTH OF EACH SUPPOSITION IN THE HYPOTHETICAL QUESTION IS FOR YOUR DETERMINATION FROM THE EVIDENCE.

IF THE FACTS STATED IN THE HYPOTHETICAL QUESTION OR QUESTIONS ARE ESTABLISHED BY THE EVIDENCE THEN THE ANSWER OR OPINIONS BASED THEREON MAY AND SHOULD RECEIVE SUCH WEIGHT AND CREDIT AS YOU BELIEVE THEM ENTITLED TO RECEIVE. BUT, IF YOU FIND THAT THE FACTS STATED IN THE HYPOTHETICAL QUESTION OR QUESTIONS ARE NOT ESTABLISHED BY THE EVIDENCE, THEN THE ANSWERS OR OPINIONS BASED THEREON SHOULD NOT BE GIVEN ANY WEIGHT OR CONSIDERATION BY THE JURY.

**DEPOSITION TESTIMONY**

CERTAIN TESTIMONY WAS PRESENTED TO YOU THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS WERE READ TO YOU DURING TRIAL. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED BY YOU AS TO CREDIBILITY AND WEIGHED AND OTHERWISE CONSIDERED BY YOU INSOFAR AS POSSIBLE IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED IN COURT.

**IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS**

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY ABOUT SOME IMPORTANT FACT, OR, WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE AT THE TRIAL.

**NEGLIGENCE**

THIS IS A SUIT SEEKING DAMAGES FOR INJURY CAUSED BY THE WRONGFUL ACT OF ANOTHER. THE BASIC LAW IN LOUISIANA IN THIS TYPE OF SUIT IS FOUND IN ARTICLE 2315 OF THE LOUISIANA CIVIL CODE:

> EVERY ACT WHATEVER OF MAN THAT CAUSES DAMAGE TO ANOTHER OBLIGES HIM BY WHOSE FAULT IT HAPPENED TO REPAIR IT.

IN ORDER TO BE SUCCESSFUL, THE PLAINTIFF MUST ESTABLISH ALL ESSENTIAL ELEMENTS OF HER CASE: (1) THAT INJURY THE PLAINTIFF SUFFERED WAS IN FACT PROXIMATELY CAUSED BY THE CONDUCT OF THE DEFENDANT,(2) THAT SHE SUFFERED THE INJURIES AND DAMAGES SHE CLAIMS, AND (3) THAT CHEVRON WAS AT FAULT.

THE PLAINTIFF MUST SHOW, NOT MERELY THAT CHEVRON'S NEGLIGENCE WAS A CAUSE OF THE INJURY, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT THE PLAINTIFF MUST SHOW THAT THE CONDITION IN QUESTION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT ACTUALLY CAUSING HER INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION AT ISSUE.

THE PLAINTIFF MUST PROVE EACH ELEMENT OF HER CASE BY A PREPONDERANCE OF THE EVIDENCE. PREPONDERANCE OF THE EVIDENCE SIMPLY MEANS EVIDENCE THAT PERSUADES YOU THAT THE PLAINTIFF'S CLAIM IS MORE LIKELY TRUE THAN NOT TRUE.

IN DECIDING WHETHER ANY FACT HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF THE PROOF FAILS TO ESTABLISH ANY ESSENTIAL PART OF THE PLAINTIFF'S CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR THE DEFENDANT AS TO THAT CLAIM.

NEGLIGENCE MEANS THAT THE DEFENDANT DID SOMETHING A REASONABLE PERSON WOULD NOT DO, OR FAILED TO DO SOMETHING A REASONABLE PERSON SHOULD DO.

**PREMISES LIABILITY**

THE PRINCIPAL MAY ALSO BE LIABLE FOR ITS OWN ACTS OF NEGLIGENCE, IF THE DEFENDANT HAD CUSTODY OF THE THING (THE LADDER AND BUNK) CAUSING THE INJURY, THAT THE THING CONTAINED A DEFECT, THAT IS, A CONDITION CREATING AN UNREASONABLE RISK OF HARM AND THAT THE DEFECTIVE CONDITION CAUSED PLAINTIFF'S INJURY. THE FACT THAT AN INJURY-CAUSING THING IS ON THE OWNER'S PREMISES DOES NOT NECESSARILY ESTABLISH CUSTODY. A NON-OWNER MAY HAVE CUSTODY IF IT EXERCISES CONTROL OF THE THING AND DEVISES SOME BENEFIT FROM IT.

**COMPARATIVE FAULT**

IF YOU CONCLUDE THAT CHEVRON WAS AT FAULT, THEN YOU MUST DETERMINE WHETHER THE DEFENDANT HAS PROVED THAT THE PLAINTIFF HAS FAILED TO CONDUCT HERSELF AS REASONABLE PERSON UNDER THE CIRCUMSTANCES, AND HAS THEREBY CONTRIBUTED TO HER OWN INJURY. IT IS THE LAW THAT THE RECOVERY OF AN INJURED PERSON WHO HAS CONTRIBUTED TO HER OWN INJURY BY HER OWN NEGLIGENCE MUST BE REDUCED BY THE PERCENTAGE OF FAULT ATTRIBUTABLE TO HER.

IN THIS CASE, THE STANDARD APPLICABLE TO THE PLAINTIFF'S CONDUCT IS THE REQUIREMENT THAT SHE EXERCISE THE DEGREE OF CARE WHICH WE MIGHT REASONABLY EXPECT A PERSON TO EXERCISE FOR HER OWN SAFETY AND PROTECTION. ON THIS ISSUE, THE DEFENDANT HAS THE BURDEN OF PROOF. IN OTHER WORDS, CHEVRON HAS THE BURDEN OF ESTABLISHING, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE PLAINTIFF IN THIS CASE FAILED TO CONFORM TO THAT STANDARD OF CARE AND HER OWN FAILURE TO DO SO CONTRIBUTED TO HER INJURY. IF THE DEFENDANT PROVES THAT, THEN YOU MUST ASSIGN A PERCENTAGE OF FAULT TO THE PLAINTIFF'S CONDUCT ACCORDING TO THE INSTRUCTIONS THAT I WILL GIVE YOU.

IF YOU CONCLUDE THAT THE DEFENDANT AND THE PLAINTIFF WERE BOTH NEGLIGENT, AND THAT THE NEGLIGENCE OF EACH WAS A PROXIMATE CAUSE OF THE ACCIDENT AND PLAINTIFF'S INJURIES, THEN YOU MUST ASSIGN PERCENTAGES OF FAULT TO EACH ONE. IN DETERMINING THOSE PERCENTAGES, YOU MAY CONSIDER BOTH THE NATURE OF THE NEGLIGENT CONDUCT AND THE EXTENT OF THE CAUSAL RELATION BETWEEN THE CONDUCT

AND PLAINTIFF'S INJURIES.

**DAMAGES**

IF YOU FIND CHEVRON IS LIABLE, YOU MUST AWARD THE AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE AS FULL AND JUST COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, FOR IT IS ONLY ACTUAL DAMAGES—WHAT THE LAW CALLS COMPENSATORY DAMAGES—THAT ARE RECOVERABLE. HOWEVER, COMPENSATORY DAMAGES ARE NOT RESTRICTED TO ACTUAL LOSS OF TIME OR MONEY; THEY INCLUDE BOTH THE MENTAL AND PHYSICAL ASPECTS OF INJURY, TANGIBLE AND INTANGIBLE. THEY ARE AN ATTEMPT TO MAKE THE PLAINTIFF WHOLE, OR TO RESTORE HIM TO THE POSITION HE WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, TO THE EXTENT YOU FIND THAT THE PLAINTIFF HAS ESTABLISHED SUCH DAMAGES BY A PREPONDERANCE OF THE EVIDENCE:

PAST, PRESENT AND FUTURE PHYSICAL PAIN AND SUFFERING; PAST, PRESENT AND FUTURE EMOTIONAL AND MENTAL SUFFERING; PAST LOSS OF WAGES AND FRINGE BENEFITS; FUTURE LOSS OF WAGES AND FRINGE BENEFITS.

SOME OF THESE DAMAGES, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, BUT YOU SHOULD AWARD AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR HIS INJURIES.

IN DETERMINING SUCH AN AWARD, YOU MAY CONSIDER PLAINTIFF'S PHYSICAL CONDITION BEFORE AND AFTER THIS INCIDENT, HER WORK RECORD, HER EARNINGS IN PRIOR YEARS, THE PROBABILITY OR UNPROBABILITY THAT SHE WOULD HAVE EARNED SIMILAR AMOUNTS IN THE REMAINDER OF HER WORK LIFE, AND SIMILAR FACTORS.

ANY AWARD YOU MAKE TO THE PLAINTIFF IS NOT SUBJECT TO INCOME TAX; NEITHER THE STATE NOR THE FEDERAL GOVERNMENT WILL TAX IT. THEREFORE, YOU SHOULD DETERMINE THE AMOUNT THAT PLAINTIFF IS ENTITLED TO RECEIVE WITHOUT CONSIDERING THE EFFECT OF TAXES UPON IT.

**CALCULATION OF PAST AND FUTURE DAMAGES**

A. DAMAGES ACCRUED

THE PLAINTIFF IS ENTITLED TO RECOVER AN AMOUNT THAT WILL FAIRLY COMPENSATE HER FOR ANY DAMAGES SHE HAS SUFFERED TO DATE.

B. CALCULATION OF FUTURE DAMAGES

IF YOU FIND THAT THE PLAINTIFF IS REASONABLY CERTAIN TO SUFFER DAMAGES IN THE FUTURE FROM HER INJURIES, THEN YOU SHOULD AWARD HER THE AMOUNT YOU BELIEVE WOULD FAIRLY COMPENSATE HER FOR SUCH FUTURE DAMAGES.

C. REDUCTION OF FUTURE DAMAGES TO PRESENT VALUE

AN AWARD OF FUTURE DAMAGES NECESSARILY REQUIRES THAT PAYMENT BE MADE NOW FOR A LOSS THAT PLAINTIFF WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE. IF YOU SHOULD FIND THAT THE PLAINTIFF IS ENTITLED TO FUTURE DAMAGES, INCLUDING FUTURE EARNINGS, THEN YOU MUST DETERMINE THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE DAMAGES.

IF YOU AWARD DAMAGES FOR LOSS OF FUTURE EARNINGS, YOU MUST CONSIDER TWO PARTICULAR FACTORS:

1. YOU SHOULD REDUCE ANY AWARD BY THE AMOUNT OF THE EXPENSES THAT THE PLAINTIFF WOULD HAVE INCURRED IN MAKING THOSE EARNINGS. THIS INCLUDES INCOME TAX; THAT IS, YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT PLAINTIFF HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD THE

PLAINTIFF ONLY HER NET EARNINGS AFTER TAX. THIS IS SO BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX.

2. IF YOU MAKE AN AWARD FOR FUTURE LOSS OF EARNINGS, YOU MUST REDUCE IT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF SHE MADE A RELATIVELY RISK-FREE INVESTMENT. THE REASON WHY YOU MUST MAKE THIS REDUCTION IS BECAUSE AN AWARD OF AN AMOUNT REPRESENTING FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO THE PLAINTIFF IF SHE RECEIVES IT TODAY THAN IF SHE RECEIVED IT IN THE FUTURE, WHEN SHE WOULD OTHERWISE HAVE EARNED IT. IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE SHE WOULD HAVE EARNED THE MONEY. THUS YOU SHOULD ADJUST THE AMOUNT OF ANY AWARD FOR FUTURE LOSS OF EARNINGS BY THE AMOUNT OF INTEREST THAT THE PLAINTIFF CAN EARN ON THAT AMOUNT IN THE FUTURE.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH, AS DISTINGUISHED FROM FUTURE LOSS OF EARNINGS.

**CONSIDER DAMAGES ONLY IF NECESSARY**

IF THE PLAINTIFF HAS PROVEN THE CLAIM AGAINST THE DEFENDANTS BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH THE PLAINTIFF IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANT IS LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE DEFENDANT IS LIABLE AND THAT THE PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM THE DEFENDANT.

**MITIGATION OF DAMAGES**

A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE—TO AVOID OR MINIMIZE THOSE DAMAGES.

IF YOU FIND THE DEFENDANT IS LIABLE AND THE PLAINTIFF HAS SUFFERED DAMAGES, THE PLAINTIFF MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH SHE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HER DAMAGES, YOU SHOULD DENY HER RECOVERY FOR THOSE DAMAGES WHICH SHE WOULD HAVE AVOIDED HAD SHE TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER THE PLAINTIFF ACTED REASONABLY IN AVOIDING OR MINIMIZING HER DAMAGES. AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HER DAMAGES. HOWEVER, SHE IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING THE DAMAGES. THE DEFENDANT HAS THE BURDEN OF PROVING THE DAMAGES WHICH THE PLAINTIFF COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE THE PLAINTIFF'S DAMAGES BECAUSE OF HER FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE DEFENDANT HAS SATISFIED ITS BURDEN OF PROVING THAT THE PLAINTIFF'S CONDUCT WAS NOT REASONABLE.

## AGGRAVATION OR ACTIVATION OF DISEASE OR DEFECT

YOU MAY AWARD DAMAGES FOR AGGRAVATION OF AN EXISTING DISEASE OR ACTIVATION OF ANY SUCH LATENT CONDITION RESULTING FROM PHYSICAL INJURY TO THE PLAINTIFF. IF YOU FIND THERE WAS SUCH AN AGGRAVATION, YOU SHOULD DETERMINE, IF YOU CAN, WHAT PORTION OF THE PLAINTIFF'S CONDITION RESULTED FROM THE AGGRAVATION, AND MAKE ALLOWANCE IN YOUR VERDICT ONLY FOR THE AGGRAVATION. IN OTHER WORDS, PLAINTIFF CANNOT RECOVER FOR HER PRE-EXISTING CONDITION BUT ONLY FOR THE AGGRAVATION OF THAT CONDITION.

**CONCLUSION**

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO REACH A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE. YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY, AS JURORS, TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. YOU MUST EACH DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OF THE EVIDENCE OR THE EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES -- JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM, YOU WILL SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATION, AND WILL BE YOUR SPOKESMAN HERE IN COURT. A FORM OF SPECIAL VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE. YOU WILL TAKE THIS FORM TO THE JURY ROOM.

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL INTERROGATORIES

OR QUESTIONS. THE ANSWER TO EACH MUST BE THE UNANIMOUS ANSWER OF THE JURY. IN THE SPACE PROVIDED BELOW EACH QUESTION YOU WILL FIND DIRECTIONS WHICH INSTRUCT YOU EITHER TO ANSWER THE NEXT QUESTION, TO ANSWER SOME OTHER QUESTION, OR TO STOP AND RETURN TO THE COURTROOM WITH YOUR VERDICT. YOU MUST CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE FORM. AT THE CONCLUSION OF YOUR DELIBERATIONS, THE FOREPERSON SHOULD DATE AND SIGN THE SPECIAL VERDICT FORM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE BY THE MARSHAL, SIGNED BY YOUR FOREPERSON, OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING, AND THE COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING ON THE MERITS OF THE CASE OTHER THAN IN WRITING, OR ORALLY HERE IN OPEN COURT.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON -- NOT EVEN TO THE COURT -- HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTIONS BEFORE YOU, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.